**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Douglas INGRAM, (true name:**
**Muhammad Thabit Rashad),**
**Defendant–Appellant.**

**No. 00–5950.**

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 2001.

Before MERRITT, CLAY and GILMAN, Circuit Judges.

MERRITT, Circuit Judge.

Title 18 § 3624 of the Federal Criminal Code provides in subsection (e), entitled "Supervision after release," as follows:

(e) Supervision after release.—A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. *A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.* No prisoner shall be released on supervision unless such prisoner agrees to adhere to an installment schedule, not to exceed two years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner.

18 U.S.C. § 3624(e) (emphasis added).

Applying the language emphasized above, we conclude that the term of imprisonment of 23 months imposed by the district court for parole violations should be affirmed. The defendant-appellant, Ingram, pled guilty in November 1991 to a federal offense and was sentenced to a term of imprisonment and three years of supervised release. The entire sentence was set to expire on December 12, 1997. In October 1997, he was taken into state custody for a state offense from which he was released in early June 2000. He was brought back before the federal district court after his release for a revocation hearing. The probation office had filed a motion in November 1997 to revoke the defendant's supervised release, claiming grade C violations. Because the defendant was in state custody, the revocation warrant was lodged as a detainer. Later in March 2000, the probation office filed a supplemental petition to revoke supervised release, claiming six grade B violations by the defendant. The defendant claims that the district court erred in revoking his supervised release for the grade B violations because the notice of such violations was not filed within the original period of supervised release and that the delay in hearing the revocation proceeding during the period of defendant's state incarceration was unreasonable.

The government relies upon the provision of § 3624(e) emphasized above, namely the provision that a "term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a federal, state or local crime...." The defendant's brief makes no reference to this provision of the law, nor does it advance any argument that this provision does not apply in his

case to toll or suspend the running of the period of supervised release.

In light of § 3624(e), we conclude that the government's motion to revoke defendant's term of supervised release for grade B felonies was, in fact, filed within the supervised release period and that the grade B crimes, the basis of which the supervised release was revoked, were committed well within the period of the defendant's supervised release. Hence, the court had jurisdiction to adjudicate the motion to revoke supervised release and there was no unreasonable delay in conducting a hearing on the motion to revoke or in adjudicating the issue.

Accordingly, the judgment of the district court revoking the defendant's supervised release and imposing a further sentence upon him is AFFIRMED.